IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul McClain,                    Case No. 3:07CV2389

       Plaintiff

   v.                                ORDER

Norfolk Southern Rwy. Co.,

       Defendant

This is a suit by a railway worker against his employer. He claims that he fell and was injured while trying to walk from one locomotive in a two-unit set to the other. According to him, the height between the two locomotives was greater than normally encountered, thereby causing or contributing to his fall and injuries. He seeks to recover under the Federal Employers Liability Act, 45 U.S.C. § 51 and the Locomotive Inspection Act [LIA], 49 U.S.C. § 20701, *et seq*.

The railroad has filed two motions in limine seeking to preclude evidence of: 1) a violation of the LIA because plaintiff will not be offering expert testimony [Doc. 24]; and 2) the presence of oil and sand on one of the locomotive's catwalks because plaintiff failed to retain photos of that condition made on his cell phone shortly after the accident. [Doc. 25].

For the reasons that follow, I deny both motions.

**1. Exclusion of Evidence re. LIA**

First, with regard to defendant's claim that the plaintiff should be precluded from offering evidence in support of his LIA claim, I find that the motion is, in essence and effect, a motion for summary judgment. Though defendant did not caption its motion as such, granting it would lead directly and indisputably to dismissal for want of proof of that claim.

The deadline for dispositive motions has passed. It is not the function of a motion in limine to accomplish a case-dispositive result that could and should have been sought earlier. Had defendant sought summary judgment directly by a timely motion challenging the lack of expert testimony, plaintiff, in addition to contending, as he does in his response to the pending motion, that he doesn't need such testimony to prevail, could also have undertaken to obtain such evidence, if he desired to do so. Which is what, in my experience, a competent plaintiff's attorney would have done.

While I overrule defendant's motion in light of its true nature and consequent untimeliness, I also overrule it, in the alternative, on the basis that it's not well-taken. I find no reason to insist that the plaintiff must present testimony by an expert before he can present his claim to the jury. He can describe the condition and the jury can make up its mind whether, in light of the evidence that it finds credible, the defendant violated the LIA.

As plaintiff points out, enactment of the LIA preceded by decades the routine use of liability experts. The statute is, by its terms and the intent of Congress, plaintiff-favorable. To engraft a prerequisite of expert testimony onto the statute would risk undercutting its remedial purposes and effects.

To be sure, presenting expert testimony might help plaintiff's cause and case. But whether to do so is for him to choose, and not for the defendant to demand as the price of getting his case into the jury room.

### 2. Spoliation: Missing Photos

Through counsel, plaintiff volunteered during his deposition that he took pictures of the catwalk. Now he can't retrieve them from his cell phone. He doesn't know what happened.

According to the plaintiff's opposition to defendant's motion to exclude all testimony about the condition of the catwalk as plaintiff observed it, the railroad has its own pictures of the same area.

There is no reason to fear or conclude that plaintiff deliberately destroyed probative evidence. In any event, whether defendant has its own pictures or not, the eyewitness observations by plaintiff and others will suffice to give the jury a mental picture of what the scene looked like.

To grant defendant's motion would mean that whenever photo- or video-graphic evidence, once acquired somehow became unavailable, a court, regardless of the quality or probative value of the missing images or fault, or lack thereof, would have to disallow even first-hand testimony by percipient human observers who saw what was there.

That's not the law, as the Sixth Circuit, sitting *en banc*, recently made clear in *Adkins v. Wolever,* 554 F.3d 650, 652-653 (6th Cir. 2009):

> failures to produce relevant evidence fall "along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality," the severity of a sanction may, depending on the of the case, correspond to the party's fault. Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.

(Citations omitted).

The fact that plaintiff can't explain what happened does not, without more, raise in this case an inference of fault, much less deliberate misconduct. I find no reason to impose any sanction whatsoever simply because plaintiff no longer has what once he had.[1]

---

[1] I leave for later resolution any dispute as to whether the jury will learn that plaintiff took the pictures he no longer can retrieve.

**Conclusion**

In light of the foregoing, it is

ORDERED THAT defendant's motions in limine [Docs. 24, 25] be, and the same hereby are overruled.

So ordered.

                                                        s/James G. Carr
                                                        James G. Carr
                                                        Chief Judge