IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul McClain,                                                 3:07CV2389

        Plaintiff,

    v.                                                      ORDER

Norfolk Southern Rwy. Co.,

        Defendant,

This is a suit under the Federal Employers Liability Act, 45 U.S.C. § 51 and Locomotive Inspection Act, 49 U.S.C. § 20701 [LIA] by a locomotive engineer against Norfolk Southern Railway Company. Pending is the plaintiff's motion for partial summary judgment as to liability on his LIA claim. [Doc. 52]. For the reasons that follow, the motion shall be denied.

Plaintiff was injured when he slipped while walking from one locomotive to another, to which the first locomotive had been coupled. He claims that his injury resulted from the fact that the walkway of one locomotive was not at the same height as the walkway of the other locomotive. This condition, he contends, created an "unnecessary danger" under the LIA.

In addition, plaintiff bases his motion for partial summary judgment on a regulation enacted pursuant to the LIA. That regulation provides: "Similar locomotives with open end platforms coupled in multiple control and used in road service shall have a means of safe passage between them; . . . . There shall be a continuous barrier . . . between locomotives." 49 C.F.R. §

229.119(e).

The parties dispute the meaning of "similar" in this regulation. Plaintiff contends that similar means, when two or more locomotives are coupled together, their walkways must be of the same height. Defendant contends that similar means locomotives of the same type or configuration: namely with each having, as in this case, "open end platforms."

I agree with the defendant that "similar," as used in the regulation, means locomotives of the same general type, rather than locomotives with walkways of the same height. I reach this conclusion by reading the pertinent text of the regulation, as recited above, *in toto*.

The regulation requires "*a means* of safe passage." The "means" to which the regulation refers expressly is a "continuous barrier" between the locomotives. In other words, chains, as were present in this case, or some similar fixture enabling a trainman to walk from one unit to another without falling. This barrier thus functions like a handrail on a stairway, giving the trainman something to grasp or hold onto while going from one unit to another.

To the extent that, as plaintiff contends, coupled units with walkways of different heights constitute the kind of danger against which the LIA gives protection, the Federal Railway Administration could, and in my view should and would have adopted a regulation that spoke directly to that circumstance. It has not done so.

In any event, I disagree with the plaintiff that my interpretation leaves the regulation "toothless." Not so: there can be no doubt that, if the railroad fails to provide a continuous barrier and a trainman is injured, it will be liable for its breach of the regulation. In that circumstance, summary judgment as to a regulation-based LIA claim would be merited.

Here, however, under the regulation as written and facts as I understand them, the plaintiff

is not entitled to summary judgment as to his regulation-based LIA claim.

With regard to plaintiff's alternative contention that the height differential between the two units constituted an "unnecessary danger" under the LIA, I do not believe that the facts about the overall conditions are so fully resolved as to warrant summary judgment. If the chains that constituted the "continuous barrier" between the units would have, if used by plaintiff, protected against the risk of injury, then a jury could find for the defendant. If, on the other hand, the plaintiff was, in fact, either unable to use the chains to steady himself as he went from one level to another, or if he was able to and did use the chains, but they were somehow inadequate, and if the jury found the circumstances, as established by the evidence, constituted an unnecessary danger, it could find for the plaintiff.

At this stage of the record's development, the plaintiff is not entitled to summary judgment as to the unnecessarily dangerous aspect of his LIA claim.

In light of the foregoing, it is

ORDERED THAT the plaintiff's motion for partial summary judgment [Doc. 52] be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Chief Judge