**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Paul McClain,                                                                              3:07CV2389

      Plaintiff,

  v.                                                                                              ORDER

Norfolk Southern Rwy. Co.,

      Defendant,

This is a suit under the Federal Employers Liability Act, 45 U.S.C. §51 and Locomotive Inspection Act, 49 U.S.C. §20701 [LIA] by a locomotive engineer against. Plaintiff was injured as he was stepping from one coupled locomotive to another. He claims that the locomotive's walkways were of different heights, which caused him to twist and damage his knee.

Pending are a motion in limine by the plaintiff to exclude testimony by about the plaintiff's reason for going from one locomotive to another [Doc. 58] and a motion in limine by the defendant to exclude testimony by three former and two current employees of the defendant railroad. [Doc. 61]. For the reasons that follow, I will reserve ruling on the plaintiff's motion and grant the defendnat's motion.

Defendant contends that the plaintiff had misconnected the connection between the locomotives that enable electric power to go from one to the other. His awareness of the need to fix that problem could, the defendant contends, have distracted him, and made him less attentive than

he should have been as he was stepping from one locmotive to the other, thereby supporting defendant's claim that the plaintiff was at fault for his injuries.

The plaintiff contends that the chain of inferences that would lead to this conclusion is too attenuated to be sustained. He points out that the misconnecction had occurred a half hour before the accident.

I don't believe that the record is sufficiently developed to for me to determine whether evidence of the misconnection has any probative value. I don't know, for example, how serious this sort of error is, or whether the plaintiff was under any time constraint or other urgency making it necessary for him to take care of the problem with dispatch. That being so, ruling on the plaintiff's motion at this time would be premature.

I agree with the defendant, however, that testimony by past or current railway workers that the height differential was dangerous is not admissible. Such testimony constitutes lay opinion as to an issue which is for the jury, not for lay witnesses to determine. The jury will see photos and hear from the plaintiff as to what happened. It, not lay witnesses, can and will draw the appropriate conclusion from the direct evidence.

It is, therefore,

ORDERED THAT:

1. Ruling reserved on plaintiff's motion in limine [Doc. 58]; and

2. Defendant's motion in limine [Doc. 61] granted.

So ordered.

/s/ James G. Carr
Chief Judge